UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** CR-08-270 PJS/JJK |
| Plaintiff, | (18 U.S.C. § 371) |
| v. | (26 U.S.C. § 7206(1)) |
| | (26 U.S.C. § 7206(2)) |
| 1. DOUGLAS EARL LEITER, | |
| 2. MARK DAVID MAXWELL, | |
| 3. TIMOTHY PAUL McCARTHY, | |
| 4. CHRISTOPHER CRAIG ROBINSON, | |
| 5. BRIAN KEITH SCOTT, and | |
| 6. LAURIE THERESE STROHBEEN, | |
| Defendants. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNT 1
(Conspiracy)

1.    Beginning in or before June 2001 and continuing through at least October 2004, in the State and District of Minnesota and elsewhere, the defendants,

**DOUGLAS EARL LEITER,
MARK DAVID MAXWELL,
TIMOTHY PAUL McCARTHY,
CHRISTOPHER CRAIG ROBINSON,
BRIAN KEITH SCOTT, and
LAURIE THERESE STROHBEEN,**

knowingly and willfully conspired and agreed with one another and with other persons known and unknown to the grand jury:

a.    To defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the United States Department of the Treasury in the ascertainment, computation, assessment,

SCANNED

AUG 2 1 2008

U.S. DISTRICT COURT ST. PAUL



FILED AUG 2 0 2008
RICHARD D. SLETTEN
JUDGMENT ENTD _____
DEPUTY CLERK _____

*United States v. Douglas Earl Leiter, et al.,*

and collection of revenue, particularly by impairing and obstructing the collection of income taxes; and

b.   To commit offenses against the United States, specifically to willfully aid and assist in, procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of tax returns which were false and fraudulent as to material matters, in violation of Title 26, United States Code, Section 7206(2).

## I.   PARTIES AND ENTITIES

2.   At all times relevant to this indictment, the defendants, DOUGLAS LEITER, MARK MAXWELL, TIMOTHY McCARTHY, CHRISTOPHER ROBINSON, BRIAN SCOTT, and LAURIE STROHBEEN, were residents of the State of Minnesota.

3.   Beginning in approximately June 2001, defendants DOUGLAS LEITER, TIMOTHY McCARTHY, and LAURIE STROHBEEN participated in the creation of a company known as CLB-01 which did business in the name of Common Law Venue.

4.   The defendants, DOUGLAS LEITER, MARK MAXWELL, TIMOTHY McCARTHY, CHRISTOPHER ROBINSON, BRIAN SCOTT, and LAURIE STROHBEEN, were involved with two entities which were created in approximately June 2001, CLC-01 and PGK-01.   In September 2002, the defendants used CLC-01 and PGK-01 in connection with the formation of

2

*United States v. Douglas Earl Leiter, et al.,*

Commercial Law Consultants, LLC, a limited liability company formed in the State of Washington.

5.   Beginning in approximately September 2002, defendants DOUGLAS LEITER, MARK MAXWELL, CHRISTOPHER ROBINSON, and LAURIE STROHBEEN served as "managing trustees" for Commercial Law Consultants, LLC, and defendants TIMOTHY McCARTHY and BRIAN SCOTT served as "consulting trustees" for Commercial Law Consultants, LLC.

6.   Beginning by at least September 4, 2002, Business Protection Agency, Ltd. was a business entity which was operated by participants in the conspiracy.

II.   **MANNER AND MEANS OF THE CONSPIRACY**

7.   As part of the conspiracy, the defendants and others, in their own names and in the names of various organizations, including Common Law Venue and Commercial Law Consultants, LLC, engaged in various schemes designed to defraud the Internal Revenue Service.  The schemes involved, among other things:

a.   Filing false tax returns on behalf of the defendants and others which sought to evade federal and state income taxes owed, to obtain fraudulent refunds of federal and state income taxes which had been withheld, and to obtain fraudulent refunds of Social Security and Medicare taxes which had been withheld;

3

*United States v. Douglas Earl Leiter, et al.,*

b.    Advising and assisting others to file false tax returns to evade taxes and to obtain fraudulent refunds;

c.    Creating clubs and companies in order to conceal income from the IRS for the purpose of evading federal and state income taxes; and

d.    Submitting a variety of false documents to the IRS and other government entities seeking to evade federal and state income taxes, to obtain fraudulent refunds, and to conceal their unlawful activities.

8.    The defendants charged their clients, including clients of Common Law Venue and Commercial Law Consultants, LLC, a fee for their tax evasion services.   In some instances, if their scheme succeeded in obtaining a refund for the taxpayer, the defendants also charged the client a percent of that refund.

**A.    Scheme Number One: Form 1041 Trust Returns.**

9.    As one scheme to defraud the IRS, the defendants prepared and filed on behalf of themselves and others, and advised others on how to prepare and file, a false Form 1041, U.S. Income Tax Return for Estates and Trusts.   Under this scheme, individuals claimed they were a trust and used a Form 1041 rather than filing as individuals with a Form 1040, U.S. Individual Income Tax Return.

10.   As part of this scheme, the individual's income was reported on the Form 1041 as the trust's income.   The individual,

4

*United States v. Douglas Earl Leiter, et al.,*

on behalf of the purported trust, then deducted all or nearly all of the income as a "fiduciary fee." By deducting all or nearly all of the income reported on a Form 1041, the individual reported little or no taxable income and little or no taxes owed.    The individual then fraudulently claimed a refund of all or nearly all of the federal income tax which had been withheld.

11.    Also as part of this scheme, the individual would, in some instances, file a false State of Minnesota income tax return to which the fraudulent Form 1041 was attached.    The individual would falsely claim they owed little or no state income taxes and seek a refund of all or nearly all of the state income taxes which had been withheld.

**B.    Scheme Number Two: Form 1040 Claim of Right Deductions.**

12.    As a second scheme to defraud the IRS, the defendants prepared and filed on behalf of themselves and others, and advised others regarding how to prepare and file, a false Form 1040, U.S. Individual Income Tax Return, together with a false Schedule A, Itemized Deductions, on which the individual claimed a false "claim of right" deduction.    A valid claim of right deduction is allowed for individuals who were required to pay back money which was reported as income on a tax return in a prior year.

13.    As part of this scheme, the individual's income would be reported on the Form 1040.    All or nearly all the income would then

5

*United States v. Douglas Earl Leiter, et al.,*

be fraudulently deducted as a claim of right deduction on the attached Schedule A, which was carried over as a deduction on the Form 1040. By deducting all or nearly all of the income reported on the Form 1040, the individual reported little or no taxable income and little or no taxes owed. The individual then claimed a fraudulent refund of all or nearly all of the federal taxes which had been withheld, including in some instances Social Security and Medicare taxes.

14. Also as part of this scheme, the individual would, in some instances, file a false State of Minnesota tax return to which the false Form 1040 was attached. The individual would then falsely claim they owed little or no state income taxes and seek a refund of all or nearly all of the state income taxes which had been withheld.

**C.  Scheme Number Three: LLCs and Clubs.**

15. As a third scheme to defraud the IRS, the defendants, on behalf of themselves and others, created companies and clubs which were used to conceal income from the IRS and the Minnesota Department of Revenue.

16. As part of this scheme, the defendants set up a limited liability company for their client. The client then operated their business through, or otherwise reported their income through, the limited liability company.

*United States v. Douglas Earl Leiter, et al.,*

17. Also as part of this scheme, the limited liability company was purportedly owned by two or more supposedly non-profit clubs which were controlled by the client. In reality, the limited liability company was owned and controlled by the client. Profits from the limited liability company were attributed to one or more of the "non-profit" clubs. The client then used the money from the clubs to pay for personal expenses.

18. Also as part of this scheme, the limited liability company reported its income to the IRS, typically on a Form 1065, U.S. Return of Partnership Income, or a Form 1120S, U.S. Income Tax Return for an S Corporation, but the profits were passed through to the "non-profit" clubs and not taxed to the limited liability company. The clubs did not file tax returns.

19. Also as part of this scheme, the client who controlled the limited liability company and the clubs did not report the income received through the clubs on an individual income tax return to either the IRS or to the Minnesota Department of Revenue. As a result, the income paid through the limited liability company to the clubs and then used by the client was never reported as income of the client, and no taxes were paid on the income by the limited liability company, the clubs, or the client.

*United States v. Douglas Earl Leiter, et al.,*

III.  **THE LOSS**

20.  As a result of the defendants' conspiracy, over one million dollars of false claims for refunds were made to the IRS. A greater amount of state and federal income taxes was evaded or attempted to be evaded.

IV.  **OVERT ACTS**

21.  In furtherance of the conspiracy, and for the purpose of bringing about its unlawful objectives, the defendants and other co-conspirators committed and caused to be committed the following overt acts in the District of Minnesota and elsewhere:

a.  On or about September 3, 2002, the defendants caused Commercial Law Consultants, LLC (hereafter "CLC") to be formed in the State of Washington.

b.  On or about September 4, 2002, DOUGLAS LEITER, TIMOTHY McCARTHY, MARK MAXWELL, CHRISTOPHER ROBINSON, and LAURIE STROHBEEN signed Purchase Agreements with CLC.

c.  On or about September 4, 2002, LAURIE STROHBEEN, as trustee for CLC, signed a Purchase Agreement with Business Protection Agency, Ltd.

d.  From at least March 2003 through May 2003 LAURIE STROHBEEN and TIMOTHY McCARTHY, as trustees for CLC, prepared invoices billing clients for CLC's preparation of false tax returns, some of which charged CLC clients 20 percent of any

8

*United States v. Douglas Earl Leiter, et al.,*

fraudulent refund they obtained.  These included invoices dated April 4, 2003, for Anthony O., April 28, 2003, for Marcus R., and May 20, 2003, for Dzung D. and Son H.

e.  On or about May 21, 2003, the defendants caused Jarman Bros., LLC, to be formed in the State of Washington.

f.  On or about August 26, 2003, BRIAN SCOTT signed a Purchase/Indemnity Agreement on behalf of CLC with John S. in which John S. agreed to pay $300 and 20 percent of any refund received to CLC.

g.  On or about November 21, 2003, DOUGLAS LEITER signed a Verified Notice of Standing and Purchase/Indemnity Agreement on behalf of CLC with Luis R. by which Luis R. agreed to pay $1,000 to CLC for services on his behalf.  On or about December 12, 2003, DOUGLAS LEITER, as Managing Trustee for CLC, signed a Non-Disclosure and Non-Circumvention Agreement with Luis R.

h.  On or about December 19, 2003, MARK MAXWELL, as Chief Managing Trustee for CLC, sent a letter to Michael F. regarding "Claim of Right" filings made by CLC on his behalf for 1999 and 2002 and soliciting further business from Michael F. through Business Protection Agency, Ltd., with defendant BRIAN SCOTT.

*United States v. Douglas Earl Leiter, et al.,*

    i.   On or about April 15, 2004, MARK MAXWELL, as "member manager" for CLC, signed a Form 1065, U.S. Return of Partnership Income, for tax year 2003 which claimed its profits were paid to "not-for-profit" entities CLC-01 and PGK-01.

    j.   On or about March 1, 2004, and July 14, July 15, and July 16, 2004, DOUGLAS LEITER met with an individual he knew as John Salerno, but who was in fact an undercover IRS agent, and sold him tax evasion services on behalf of CLC. On or about May 1, 2004, LEITER caused to be created entities known as Blitz Sports and La Dolce Vita, which purported to be non-profit clubs. On or about May 19, 2004, LEITER caused to be created an entity known as Titan Construction and Management, LLC. On or about July 16, 2004, LEITER assisted in opening bank accounts for Titan Construction and Blitz Sports.

    k.   From on or about August 22, 2002, through on or about February 24, 2003, the defendants caused checks to be deposited into the Common Law Venue Wells Fargo Bank account. These deposits included checks from Common Law Venue customers who were paying for the defendants' illegal services.

    l.   From on or about August 26, 2002, through on or about March 12, 2003, LAURIE STROHBEEN wrote check numbers

*United States v. Douglas Earl Leiter, et al.,*

9055 through 9067 from the Common Law Venue Wells Fargo Bank account.

m.   From on or about November 6, 2002, through on or about October 22, 2004, the defendants caused checks to be deposited into the CLC Bremer Bank account.  These deposits included checks from CLC customers who were paying for the defendants' illegal services.

n.   From on or about November 12, 2002, through on or about October 15, 2004, LAURIE STROHBEEN and CHRISTOPHER ROBINSON wrote check numbers 5098 through 5530 from the CLC Bremer Bank account.  Many of these checks were made payable to the defendants, DOUGLAS LEITER, MARK MAXWELL, TIMOTHY McCARTHY, CHRISTOPHER ROBINSON, BRIAN SCOTT, and LAURIE STROHBEEN, as well as to other co-conspirators.

o.   On or about August 13, 2004, the day after a federal search warrant was executed on the home of DOUGLAS LEITER, LAURIE STROHBEEN withdrew approximately $25,000 of cash from the CLC Bremer Bank account.

p.   Counts 2 through 13 below are realleged as additional overt acts.

All in violation of Title 18, United States Code, Section 371.

*United States v. Douglas Earl Leiter, et al.,*

## COUNT 2
### (False Tax Return)

17.   On or about March 22, 2003, in the State and District of Minnesota, the defendant,

**DOUGLAS EARL LEITER,**

did willfully make and subscribe a false U.S. Income Tax Return for Estates and Trusts, Form 1041, for calendar year 2002, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Income Tax Return he did not believe to be true and correct as to every material matter in that Box A of the Form 1041 stated that he, DOUGLAS EARL LEITER, was a trust, Line 8 stated the purported trust had $39,161.26 of income, Line 12 stated the purported trust incurred $39,161.26 of fiduciary fees, Line 24e stated the purported trust had $5,409.28 of federal income tax withheld, and Line 29b requested a $5,409.28 refund, whereas, as he then and there well knew and believed, no lawful trust existed in the name of DOUGLAS EARL LEITER, it was he who had $39,161.26 of income and not any trust, no fiduciary fees had been incurred on behalf of any trust in his name, it was he who had $5,409.28 of federal income tax withheld and not any trust, and neither he nor the purported trust was entitled to a refund of $5,409.28, all in violation of Title 26, United States Code, Section 7206(1).

12

*United States v. Douglas Earl Leiter, et al.,*

## COUNT 3
(False Tax Return)

18.   On or about September 11, 2002, in the State and District of Minnesota, the defendant,

### BRIAN KEITH SCOTT,

did willfully make and subscribe a false U.S. Individual Income Tax Return, Form 1040, jointly with his wife for calendar year 2000, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Income Tax Return he did not believe to be true and correct as to every material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $25,654 claim of right deduction, Line 36 of the Form 1040 reported a total of $41,246 of itemized deductions, and Line 57 stated the total taxes owed for the year was $0, whereas, as he then and there well knew and believed, he and his wife were not entitled to any claim of right deduction, their total itemized deductions was substantially less than $41,246, and the total taxes they owed for the year was substantially more than $0, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT 4
(False Tax Return)

19.   On or about March 1, 2003, in the State and District of Minnesota, the defendant,

13

*United States v. Douglas Earl Leiter, et al.,*

## LAURIE THERESE STROHBEEN,

did willfully make and subscribe a false Amended U.S. Individual Income Tax Return, Form 1040X, jointly with her husband for calendar year 1998, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Income Tax Return she did not believe to be true and correct as to every material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported an $87,761 claim of right deduction, Line 2(C) of the Form 1040X reported a total of $95,503 of itemized deductions, Line 10(C) stated the total taxes owed for the year was ($865), and Line 23 requested a refund of $12,198, whereas, as she then and there well knew and believed, she and her husband were not entitled to any claim of right deduction, their total itemized deductions was substantially less than $95,503, the total taxes they owed for the year was substantially more than ($865), and they were not entitled to a refund of $12,198, all in violation of Title 26, United States Code, Section 7206(1).

### COUNT 5
(Aiding and Assisting in the Preparation of a False Tax Return)

20. On or about March 28, 2003, in the State and District of Minnesota, the defendant,

## DOUGLAS EARL LEITER,

14

*United States v. Douglas Earl Leiter, et al.,*

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of an amended U.S. Individual Income Tax Return, Form 1040X, for calendar year 2001 in the name of Steven S., which return was false and fraudulent as to a material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $48,790 claim of right deduction, Line 2(C) of the Form 1040X reported a total of $61,783 of itemized deductions, Line 10(C) indicated the total taxes owed for the year was $0, and Line 23 requested a refund of $9,598, whereas, as the defendant then and there well knew and believed, Steven S. was not entitled to any claim of right deduction, his total itemized deductions was substantially less than $61,783, the total taxes he owed for the year was substantially more than $0, and he was not entitled to a refund of $9,598, all in violation of Title 26, United States Code, Section 7206(2).

## COUNT 6
(Aiding and Assisting in the Preparation of a False Tax Return)

21.    On or about April 3, 2003, in the State and District of Minnesota, the defendant,

**MARK DAVID MAXWELL,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for calendar year

15

*United States v. Douglas Earl Leiter, et al.,*

2002 in the name of Brent H., which return was false and fraudulent as to a material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $34,383 claim of right deduction, Line 38 of the Form 1040 reported a total of $34,383 of itemized deductions, Line 61 stated the total taxes owed for the year was $0, and Line 71a requested a refund of $3,148, whereas, as the defendant then and there well knew and believed, Brent H. was not entitled to any claim of right deduction, his total itemized deductions was substantially less than $34,383, the total taxes he owed for the year was substantially more than $0, and he was not entitled to a refund of $3,148, all in violation of Title 26, United States Code, Section 7206(2).

## COUNT 7
(Aiding and Assisting in the Preparation of a False Tax Return)

22.  On or about April 3, 2003, in the State and District of Minnesota, the defendant,

**MARK DAVID MAXWELL,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for calendar year 2002 in the name of Dean N., which return was false and fraudulent as to a material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $73,962 claim of right deduction, Line 38 of the Form 1040 reported a total of $73,962 of itemized

*United States v. Douglas Earl Leiter, et al.,*

deductions, Line 61 stated the total taxes owed for the year was $0, and Line 71a requested a refund of $15,088, whereas, as the defendant then and there well knew and believed, Dean N. was not entitled to any claim of right deduction, his total itemized deductions was substantially less than $73,962, the total taxes he owed for the year was substantially more than $0, and he was not entitled to a refund of $15,088, all in violation of Title 26, United States Code, Section 7206(2).

**COUNT 8**

(Aiding and Assisting in the Preparation of a False Tax Return)

23.  On or about April 14, 2003, in the State and District of Minnesota, the defendant,

**TIMOTHY PAUL McCARTHY,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for calendar year 2002 in the name of Anthony O., which return was false and fraudulent as to a material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $46,313 claim of right deduction, Line 38 of the Form 1040 reported a total of $46,313 of itemized deductions, Line 61 stated the total taxes owed for the year was $0, and Line 71a requested a refund of $7,917, whereas, as the defendant then and there well knew and believed, Anthony O. was not entitled to any claim of right deduction, his total itemized

17

*United States v. Douglas Earl Leiter, et al.,*

deductions was substantially less than $46,313, the total taxes he owed for the year was substantially more than $0, and he was not entitled to a refund of $7,917, all in violation of Title 26, United States Code, Section 7206(2).

### COUNT 9
(Aiding and Assisting in the Preparation of a False Tax Return)

24.   On or about April 28, 2003, in the State and District of Minnesota, the defendant,

**TIMOTHY PAUL McCARTHY,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for calendar year 2002 in the name of Marcus R., which return was false and fraudulent as to a material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $36,198 claim of right deduction, Line 28 of the Schedule A reported a total of $36,198 of itemized deductions, Line 61 of the Form 1040 stated the total taxes owed for the year was $0, and Line 71a requested a refund of $5,840, whereas, as the defendant then and there well knew and believed, Marcus R. was not entitled to any claim of right deduction, his total itemized deductions was substantially less than $36,198, the total taxes he owed for the year was substantially more than $0, and he was not entitled to a refund of

*United States v. Douglas Earl Leiter, et al.,*

$5,840, all in violation of Title 26, United States Code, Section 7206(2).

### COUNT 10
(Aiding and Assisting in the Preparation of a False Tax Return)

25.   On or about April 1, 2003, in the State and District of Minnesota, the defendant,

### CHRISTOPHER CRAIG ROBINSON,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of an Amended U.S. Individual Income Tax Return, Form 1040X, for calendar year 1999 in the names of Michael F. and Katherine F., which return was false and fraudulent as to a material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $114,864 claim of right deduction, Line 2(C) of the Form 1040X reported a total of $131,148 of itemized deductions, Line 10(C) stated the total taxes owed for the year was $0, and Line 23 requested a refund of $27,324, whereas, as the defendant then and there well knew and believed, Michael F. and Katherine F. were not entitled to any claim of right deduction, their total itemized deductions was substantially less than $131,148, the total taxes they owed for the year was substantially more than $0, and they were not entitled to a refund of $27,324, all in violation of Title 26, United States Code, Section 7206(2).

19

*United States v. Douglas Earl Leiter, et al.,*

## COUNT 11
(Aiding and Assisting in the Preparation of a False Tax Return)

26.  On or about April 13, 2003, in the State and District of Minnesota, the defendant,

### CHRISTOPHER CRAIG ROBINSON,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of an Amended U.S. Individual Income Tax Return, Form 1040X, for calendar year 1999 in the names of Duy N. and Mary S.-N., which return was false and fraudulent as to a material matter in that Line 27 of the accompanying Schedule A, Itemized Deductions, reported a $60,043 claim of right deduction, Line 2(C) of the Form 1040X reported a total of $72,365 of itemized deductions, Line 10(C) stated the total taxes owed for the year was $0, and Line 23 requested a refund of $8,949, whereas, as the defendant then and there well knew and believed, Duy N. and Mary S.-N. were not entitled to any claim of right deduction, their total itemized deductions was substantially less than $72,365, the total taxes they owed for the year was substantially more than $0, and they were not entitled to a refund of $8,949, all in violation of Title 26, United States Code, Section 7206(2).

20

*United States v. Douglas Earl Leiter, et al.,*

## COUNT 12
(Aiding and Assisting in the Preparation of a False Tax Return)

27.  On or about June 19, 2003, in the State and District of Minnesota, the defendant,

**BRIAN KEITH SCOTT,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of an Amended U.S. Individual Income Tax Return, Form 1040X, for calendar year 2000 in the names of Luis R. and Linda R., which return was false and fraudulent as to a material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $134,410 claim of right deduction, Line 36 of the attached Form 1040 reported a total of $159,719 of itemized deductions, Line 27 of the attached Schedule C, Profit or Loss from Business, reported a $6,047 claim of right deduction, Line 57 of the attached Form 1040 stated the total taxes owed for the year was $0, and Line 67a of the attached Form 1040 requested a refund of $21,775, whereas, as the defendant then and there well knew and believed, Luis R. and Linda R. were not entitled to any claim of right deduction, their total itemized deductions was substantially less than $159,719, the total taxes they owed for the year was substantially more than $0, and they were not entitled to a refund of $21,775, all in violation of Title 26, United States Code, Section 7206(2).

21

*United States v. Douglas Earl Leiter, et al.,*

## COUNT 13

(Aiding and Assisting in the Preparation of a False Tax Return)

28.   On or about August 21, 2003, in the State and District of Minnesota, the defendant,

**BRIAN KEITH SCOTT,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of an Amended U.S. Individual Income Tax Return, Form 1040X, for calendar year 2002 in the name of John S., which return was false and fraudulent as to a material matter in that Line 27 of the attached Schedule A, Itemized Deductions, reported a $36,840 claim of right deduction, Line 2(C) of the Form 1040X reported a total of $36,840 of itemized deductions, Line 10(C) stated the total taxes owed for the year was $0, and Line 19 stated there was an overpayment of $5,013, whereas, as the defendant then and there well knew and believed, John S. was not entitled to any claim of right deduction, his total itemized deductions was substantially less than $36,840, the total taxes he owed for the year was substantially more than $0, and he had not overpaid his taxes by $5,013, all in violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY              FOREPERSON